hBROWN, J.,
Concurring,
The discussion in the opinion of La. R.S. 15:438 was irrelevant as it was thereafter disregarded, and the correct Jackson v. Virginia standard was applied, i.e., a rational juror could have found the defendant guilty beyond a reasonable doubt. In my view, it was also an incorrect statement of law. A reviewing court does not weigh evidence or assess credibility. If there are conflicting inferences or hypotheses of guilt and innocence, a reviewing court “must presume ... that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.” Jackson v. Virginia, 443 U.S. 307, 325, 99 S.Ct. 2781, 2792-93, 61 L.Ed.2d 560 (1979).
In fact, in Jackson, the Court refused to apply a similar circumstantial evidence rule.
There is no separate review standard for cases based on circumstantial evidence. The unadorned Jackson standard adopted by Article 821 of Louisiana’s Code of Criminal Procedure is the same whether the record includes direct evidence or is solely based on circumstantial evidence. State v. Sutton, 436 So.2d 471 (La.1983).